IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEVELAND GARNER, # N-33258, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:20-cv-00199-GCS |
| ) | |
| THOMAS BURRELL, ) | |
| and PATTY SNEED, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Cleveland Garner is a state prisoner currently incarcerated at Shawnee Correctional Center ("Shawnee") in the Illinois Department of Corrections ("IDOC"). He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that he was refused necessary dental treatment at Shawnee. Plaintiff requests monetary damages and injunctive relief ordering that his teeth be fixed.

This case is now before the Court for a preliminary merits review of the Complaint pursuant to 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

The statement of claim and request for relief in Plaintiff's Complaint are brief, stating only that Burrell (the prison dentist) caused Plaintiff to suffer mental and emotional stress "under color of state law," because Plaintiff asked him repeatedly to fix his teeth, which to date he has failed to do.  (Doc. 1 p. 4).  Plaintiff states that Burrell fixed his teeth four other times, but his teeth have broken.  *Id.*

Plaintiff attaches several grievances which provide additional detail.  He complained in November 2018 and January 2019 because he sought to have his dentures fixed, but Burrell would not repair them because Plaintiff could not pay for the service. (Doc. 1, p. 7-8, 10, 12).  Plaintiff claimed that he was unable to eat a normal diet because he could not chew his food and became sick from trying to swallow food whole.  (Doc. 1, p. 7-8, 10).  He experienced pain and discomfort because his teeth had not been repaired. (Doc. 1, p. 10).  Plaintiff also states that Burrell wanted a staff member "to say [Plaintiff was] a poor energy person, then he will send them out to be repaired," which Plaintiff considered defamatory.  (Doc. 1, p. 7, 10).

Plaintiff's attachments also include a response from Burrell to the November 2018 grievance, stating that Plaintiff's upper denture had "fractured due to negligence," thus

Plaintiff would be responsible for the lab fee. (Doc. 1, p. 7, 9). Burrell informed Plaintiff that if he was indigent, he would be required to pay $5.00/month until the lab fee was paid off. Burrell had been informed by the business office that Plaintiff was not indigent. (Doc. 1, p. 9).

## DISCUSSION

Based on the allegations of the Complaint, the Court designates the following single count in this *pro se* action:

**Count 1:** Eighth Amendment deliberate indifference claim against Burrell and Sneed, for failing to repair Plaintiff's dentures which caused him to be unable to eat normally and suffer pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## PRELIMINARY DISMISSAL

Plaintiff lists Patty Sneed as a Defendant (Doc. 1, p. 2), but never mentions her in his statement of claim. Her signature appears on two Administrative Review Board documents attached by Plaintiff, instructing him to submit additional information relating to his grievances. (Doc. 1, pp. 6, 11). Merely invoking the name of a potential

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff is required to associate specific defendants with specific claims so that these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)(stating that a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not articulated any claim against Sneed, and therefore she will be dismissed from the action without prejudice.

## Count 1

Prison medical providers violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Seventh Circuit Court of Appeals has recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)(stating that "[t]ooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."). Furthermore, Plaintiff's allegations clearly state a medical need as he is alleging that he was denied his dentures,

and as a result, he could not chew his food, it made eating more difficult, and that he suffered bleeding, headaches, and disfigurement. *See Wynn*, 251 F.3d at 593.

It is not clear from the Complaint, however, whether Burrell's conduct could be considered deliberate indifference. If he was aware of Plaintiff's dental pain and inability to eat normally, yet failed to take steps to alleviate those problems, he could be found to have violated Plaintiff's Eighth Amendment rights. Further factual development is appropriate, therefore Plaintiff may proceed on the claim in Count 1 against Burrell.

### INJUNCTIVE RELIEF

Because the Complaint includes a request for injunctive relief, the Warden of Shawnee Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief. *See, e.g., Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011)(holding warden is proper defendant for injunctive relief claim as s/he would be responsible for ensuring that any injunctive relief would be carried out).

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration against Thomas Burrell. Defendant Patty Sneed is **DISMISSED** from the action without prejudice.

The Clerk is **DIRECTED** to **ADD** the Warden of Shawnee Correctional Center (official capacity only) to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk of Court shall prepare for **THOMAS BURRELL** and the **WARDEN of SHAWNEE CORRECTIONAL CENTER (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service

of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  The Plaintiff shall notify the Clerk of Court and each opposing party of any change in address in writing not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  December 15, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.12.15 09:49:12 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.